UNITED STATES of America, Plaintiff–Appellee,

v.

Elmer Estuardo SOPONY–VALENZUELA, also known as Julio Rene Cardona–Rodriguez, Defendant–Appellant.

No. 06–40197
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Elmer Estuardo Sopony–Valenzuela appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentenc-

---

ing factors rather than as elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The Government does not seek to invoke the appeal waiver and has thus waived the issue. *See United States v. Story,* 439 F.3d 226, 230–31 (5th Cir.2006). Sopony–Valenzuela's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sopony–Valenzuela contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sopony–Valenzuela properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.